DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jane Colazzo ("Colazzo"), appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} In 2002, in response to a request from Colazzo, Appellee, David Lee Knight ("Knight"), approached Colazzo and her husband about performing remodeling work on the basement of her home. Colazzo sought to have the basement finished, which included installing a new ceiling, drywall, electrical outlets and wiring, and framing a bathroom. On February 3, 2002, Knight presented Colazzo and her husband with a two-page estimate. The estimate included a description of the work to be performed in the Colazzos' basement, a list of materials needed for construction, and an estimate of total costs, including $3,218 for materials and $8,358.39 for labor. Knight listed the total cost as $11,761.43. The estimate also included a list of possible deductions to reduce the cost of the project, including a 15% deduction if Colazzo *Page 2 
paid by cash, rather than by check, and a total deduction of $400.00 if Colazzo did all of the painting.
 {¶ 3} Knight commenced work in June of 2002. Colazzo later asked Knight to perform additional work on the basement. This included completing, rather than just framing, the bathroom, enlarging a window, and installing shelving in the downstairs storage room. However, a dispute later arose as to payment. Knight claimed that he completed the remodeling project for which he was originally hired, while Colazzo claimed that Knight ceased work on the basement as of September 1, 2004, forcing her to hire another contractor to complete the project. Following cessation of the work, Knight repeatedly attempted to collect the unpaid balance from Colazzo. In 2006, Knight's attorney forwarded an invoice to Colazzo, claiming that Colazzo continued to owe him the unpaid balance of the original remodeling contract.
 {¶ 4} On July 28, 2006, Knight filed a complaint against Colazzo, seeking damages for snow removal services, and for the materials and labor supplied in remodeling Colazzo's basement. Colazzo filed an answer on September 7, 2006. After an unsuccessful mediation, the case was scheduled for a February 4, 2008 jury trial. On January 29, 2008, one week before trial, Colazzo mailed a letter to Knight via certified mail, canceling the original remodeling agreement pursuant to the Home Solicitation Sales Act, R.C. 1345.21 et seq. ("HSSA"). In the letter, Colazzo also demanded that Knight refund all payments made by Colazzo to Knight, pursuant to R.C. 1345.23(D)(4).
 {¶ 5} At trial, following the close of Knight's evidence, Colazzo made a motion for directed verdict, claiming that Knight's failure to notify Colazzo of her right to cancel the remodeling contract, and thus failing to comply with the Home Solicitation Sales Act, barred his recovery. The trial court denied her motion. Colazzo renewed her motion for directed verdict at *Page 3 
the close of the defense's evidence, and the court again denied her motion. On February 6, 2008, the jury returned a verdict for Knight and awarded him $10,248.10 in damages. Colazzo timely filed her appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT DENIED [] COLAZZO'S MOTION FOR DIRECTED VERDICT BECAUSE THE [HSSA'S] MANDATORY LANGUAGE APPLIES IN THIS CASE, AND BARS ANY RECOVERY BY [] KNIGHT."
 {¶ 6} In her sole assignment of error, Colazzo contends that the trial court improperly denied her motion for directed verdict in holding that the mandatory language of the HSSA's provisions did not apply to bar Knight's recovery. We agree.
 {¶ 7} Initially, we consider a threshold jurisdictional issue. After the filing of her notice of appeal, this Court issued an order for Colazzo to show cause as to why the trial court's judgment in this case was a final appealable order. Specifically, we noted that the Ohio Supreme Court has recently held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ. R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." Internatl. Bhd. of Electrical Workers, LocalUnion No. 8 v. Vaughn Indus., L.L.C., 116 Ohio St. 3d 335,2007-Ohio-6439, paragraph two of the syllabus. We noted that in his prayer for relief, Knight requested attorney fees and the trial court did not rule on this request in its judgment entry. Colazzo responded to this order, distinguishing Vaughn from the instant case.
 {¶ 8} In her response, Colazzo stated that the claim for attorney fees before the Vaughn court was statutorily authorized under the Prevailing Wage Law in Ohio. Specifically, the relevant statutes required the trial court to award attorney fees to the prevailing party. Colazzo *Page 4 
argued that unlike Vaughn, Knight asserted two non-statutory claims in his complaint, a claim for an action on an account and unjust enrichment, and that neither of these claims provided for attorney fees as a matter of law. Colazzo noted in her response that theVaughn decision referred to attorney fees in the context of "the attorney-fee claim" and aptly stated that
 "[i]mplicit in this wording is the recognition that claims, which are based on statute, for attorneys' fees must be resolved before an appeal can be had. But Vaughn Industries does not stand for the proposition that reference to attorneys' fees as a phrase in a prayer for relief on claims which, by law, do not provide for attorneys' fees, must be specifically addressed before an order is final and appealable."
 {¶ 9} The Fourth District Court of Appeals has recently decided this issue, stating that "we do not believe that, for purposes of a final order analysis, a request for attorney fees set forth in a complaint's prayer for relief should be equated to a separate and distinct claim for attorney fees included in the body of a complaint or other pleading. Thus a general request for attorney fees included in a prayer for relief should not be elevated to the status of a separate claim for relief. See R.C. 2505.02 and Civ. R. 54(B)." Jones v. McAlarney Pools, Spas Billiards, Inc., 4th Dist. No. 07CA34, 2008-Ohio-1365, at ¶ 12. The Fourth District further stated that this reasoning does not apply when a trial court in its order discusses "the attorney fee issue and defers its adjudication, or (2) awards attorney fees and defers the determination of the amount of fees." Id. at ¶ 10. In these limited situations, the appeal should be dismissed for lack of a final appealable order. We agree with the Fourth District's reasoning. In the instant case, the trial court's judgment makes no reference to the issue of attorney fees. Accordingly, we find that the trial court's order in this case is a final, appealable order, and we therefore have jurisdiction to review the merits of this case.
 {¶ 10} "`A motion for directed verdict *** does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the *Page 5 
evidence.'" Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co.,95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 4, quoting O'Day v. Webb (1972),29 Ohio St.2d 215, paragraph three of the syllabus. Accordingly, we review the trial court's ruling on a motion for a directed verdict de novo.Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257, citingNichols v. Hanzel (1996), 110 Ohio App.3d 591, 599. A motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 284, citing Durham v. WarnerElevator Mfg. Co. (1956), 166 Ohio St. 31, 36; Ruta v. Breckenridge-RemyCo. (1982), 69 Ohio St.2d 66, 68, citing Rohde v. Farmer (1970),23 Ohio St.2d 82, 91.
 {¶ 11} In accordance with Civ. R. 50(A)(4), a directed verdict is properly granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]" Furthermore, if the party opposing the motion for a directed verdict fails to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate.Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695. Conversely, the motion must be denied where substantial evidence exists upon which reasonable minds may reach different conclusions. Posin v. A.B.C. MotorCourt Hotel, Inc. (1976), 45 Ohio St.2d 271, 275.
 {¶ 12} Knight filed his complaint against Colazzo seeking damages for snow removal services, and for the materials and labor supplied in remodeling Colazzo's basement. As Colazzo's appeal only relates to the damages that pertained to the materials and labor supplied in finishing the basement, we limit our decision to that dispute. *Page 6 
 {¶ 13} The HSSA, defines a "home solicitation sale" as
 "a sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business." R.C. 1345.21(A).
 {¶ 14} The HSSA is applicable to the transaction between Knight and Colazzo. A contract for home improvement is covered by the HSSA as home construction services qualify as "consumer goods or services." R. Bauer Sons Roofing Siding v. Kinderman (1992), 83 Ohio App.3d 53, 57. The evidence reveals that Knight visited Colazzo in her home and gave her an estimate to finish her basement and that the contract was signed at Colazzo's home.
 {¶ 15} Knight argues that his contract with Colazzo falls within one of the statutory exceptions to applicability of the HSSA, under which a seller is exempt from the HSSA where "[t]he buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale." R.C. 1345.21(A)(4). "[A]s a general rule in keeping with the policy behind the R.C. 1345.21(A)(4) exception, a `business establishment' should be a business location which is open to the general public." Clemens v. Duwel (1995), 100 Ohio App.3d 423, 430, citing Abnie v. Ford Motor Co. (1963), 175 Ohio St. 273, 274. There is no evidence to indicate that Knight's home office was open to the general public. Further, Knight testified that he did not have any goods or services on display in his home office. Therefore, the statutory exemption contained in R.C. 1345.21(A)(4) does not apply in this case.
 {¶ 16} The HSSA imposes several requirements on sellers' in-home solicitation transactions. R.C. 1345.23(B)(2) requires that *Page 7 
 "[a] completed form, in duplicate, captioned `notice of cancellation', shall be attached to the contract signed by the buyer and be easily detachable, and and (sic) shall contain in ten-point, bold-face type, the following information and statements in the same language as that used in the contract[.]"
 {¶ 17} The statute then lists the required language. It is undisputed that the contract in the instant case did not contain the requisite language. Accordingly, the contract was in violation of R.C. 1345.23(B)(2). See Jarvis v. Stone, 9th Dist. No. 23904, 2008-Ohio-3313, at ¶ 31.
 {¶ 18} R.C. 1345.23(c) further states that until Knight complied with this section and notified Colazzo of her right to cancel the contract, Colazzo could
 "cancel the home solicitation sale by notifying the seller by mailing, delivering, or telegraphing written notice to the seller of his intention to cancel. The three day period prescribed by section 1345.22 of the Revised Code begins to run from the time the seller complies with divisions (A) and (B) of this section."
 {¶ 19} The HSSA is clear that if the seller fails to give a buyer notice of the right of cancellation, the right does not expire.Clemens, 100 Ohio App.3d at 431.
 "In order to ensure that, upon cancellation, both parties can be returned to their original positions as if the contract had not been made, the [HSSA] provides that `where a home solicitation sale requires a seller to provide services, he shall not commence performance of such services during the time in which the buyer may cancel.' R.C. 1345.22. `This legislative pronouncement is clearly intended to put the risk on the home improvement contractor who begins performance before giving the consumer proper notice of the right to cancel.' [R. Bauer, 83 Ohio App.3d at 61]." Id.
 {¶ 20} Colazzo testified that prior to trial, she sent a letter to Knight canceling the contract in question. As Knight never informed Colazzo of her right to cancel, Colazzo's right to cancel had not yet expired and her cancellation, albeit several years after the formation of the contract, was timely. See Clemens, 100 Ohio App.3d at 431. Finally, Knight admitted at trial that he had received the letter prior to trial. Accordingly, under the express terms of the HSSA, Colazzo successfully cancelled the contract prior to trial. *Page 8 
 {¶ 21} Again we point out that under R.C. 1345.22, a seller shall not commence performance until the contract is in compliance with the cancellation notice requirement as set forth in R.C. 1345.23. The purpose of R.C. 1345.22 is "to ensure that, upon cancellation, both parties can be returned to their original positions as if the contract has not been made[.]" Id. Therefore, Knight "bore the risk of not recovering the goods he provided along with his services by beginning work under the contract while [Colazzo] had the right to cancel." Id. at 427. Therefore, after Colazzo exercised her right to cancel the contract, Knight was not entitled to payment under the contract. After reviewing the evidence in the light most favorable to Knight, we find that reasonable minds could only conclude that Knight was not entitled to recover under the contract, and therefore the trial court erred in denying Colazzo's motion for a directed verdict.
 {¶ 22} We next address Colazzo's argument that this Court enter judgment in her favor for the money she had expended under the contract. This argument is not properly before us as Colazzo did not request these damages under the HSSA from the trial court. Colazzo urges this Court to find that under Civ. R. 8(C), her assertion of the HSSA as an affirmative defense was simply a mistake and that justice requires us to treat the pleading as if it was properly pled as a counterclaim. Knight filed his complaint on July 28, 2006. Colazzo filed her answer on September 7, 2006. She did not effect cancellation until January of 2008. We cannot treat Colazzo's assertion of the HSSA as a counterclaim, as her right to repayment under the contract did not exist at the time of the filing of the answer.
 {¶ 23} Colazzo's assignment of error is sustained insofar as the trial court erred in denying her motion for directed verdict.
 III. *Page 9 {¶ 24} Colazzo's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
CARR, P. J. CONCURS