[Cite as *Bank of New York Mellon Trust Co. v. Zeigler*, 2011-Ohio-4748.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| THE BANK OF NEW YORK MELLON | : | W. Scott Gwin, P.J. |
| TRUST COMPANY | : | Sheila G. Farmer, J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | |
| | : | Case No. 11-CA-25 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| GEORGE W. ZEIGLER, JR., et al., | | |
| | | |
| Defendants-Appellants | | |


CHARACTER OF PROCEEDING:     Civil Appeal from Richland County
                             Court of Common Pleas Case No.
                             09-CV-356

JUDGMENT:                    Dismissed

DATE OF JUDGMENT ENTRY:      September 13, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

MARIA MARIANO GUTHRIE                 ERIC S. MILLER
Sikora Law, LLC                       Eric S. Miller, J.D. Co., LPA
685 South Front Street                13 Park Avenue West, Suite 608
Columbus, Ohio  43206                 Mansfield, Ohio  44902

ANGELA D. KIRK
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, Ohio  43216

*Edwards, J.*

**{¶1}** Appellant, Bank of New York Mellon Trust Co. (BONY), appeals a judgment granting appellee Richland Bank's motion for confirmation of a sheriff's sale and overruling its motion to vacate the sheriff's sale.

<u>STATEMENT OF FACTS AND CASE</u>

**{¶2}** In 1985, Defendants, George W. Zeigler, Jr., and Susan M. Zeigler purchased residential property located at 808 Cypress Dr., Mansfield, Ohio.

**{¶3}** The Zeiglers executed a mortgage on their home in the amount of $146,250 with Society National Bank ("Society National Bank mortgage"). The mortgage was recorded on March 22, 1994.

**{¶4}** On November 13, 1998, the Zeiglers executed a mortgage in favor of Richland Bank in the amount of $285,000 for the purposes of a commercial loan. The Richland Bank mortgage encumbered the Zeiglers' residential property as well as the Zeiglers' commercial property located at 945 N. Trimble Road, Mansfield, Ohio. Richland Bank was aware that it was second to the Society National Bank mortgage.

**{¶5}** On November 24, 2003, the Zeiglers refinanced the Society National Bank mortgage by executing an Adjustable Rate Note in the amount of $259,350.00 in favor of Regions Bank. The Note was secured by a mortgage encumbering the residential property to Regions Bank as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Regions Bank. Regions Bank intended that its mortgage would be the first and best lien on the residential property.

**{¶6}** At closing, $115,958.34 of the loan proceeds from Regions Bank was used to pay off the Society National Bank mortgage. On March 5, 2004, the Society

National Bank mortgage was released of record in the Richland County Recorder's Office.[1]

{¶7}   Richland Bank was not aware that the Zeiglers refinanced the Society National Bank mortgage.  An affidavit from Mike A. Jefferson, commercial loan officer with Richland Bank, states that Regions Bank never contacted Richland Bank in regard to the refinancing.  Neither Bank of New York nor Richland Bank presented Civ.R. 56(C) evidence to show that at the time of the refinancing of the Society National Bank mortgage, Regions Bank had actual or constructive knowledge of the Richland Bank mortgage.

{¶8}   On March 2, 2009, MERS assigned the Regions Bank mortgage to Bank of New York.  (Henceforth, the Regions Bank mortgage will be known as the "Bank of New York mortgage.")

{¶9}   Bank of New York filed its complaint for foreclosure on its mortgage on March 9, 2009.  Named as one of the defendants was Richland Bank.

{¶10} On January 25, 2010, Bank of New York filed its motion for summary judgment in foreclosure against the Zeiglers.  Bank of New York filed a separate motion for summary judgment against Richland Bank on the issue of priority.  In its motion, Bank of New York argued that the doctrine of equitable subrogation should apply to the issue of priority, thereby giving Bank of New York the first and best lien on the residential property.  Richland Bank filed a response and Bank of New York filed a reply.

---

[1] Richland Bank argues that in the Satisfaction of Mortgage recorded on March 5, 2004, Bank of America, N.A. stated it was the holder and owner of the Society National Bank Mortgage.  In 1994, Society National Bank became KeyCorp.  In 1995, Bank of America purchased KeyCorp Mortgage, Inc.

{¶11} On April 1, 2010, the trial court granted Bank of New York's motion for summary judgment against the Zeiglers in the amount of $251,568.23 and issued a Decree of Foreclosure.

{¶12} On April 23, 2010, the trial court granted summary judgment in favor of Bank of New York and against Richland Bank on the issue of priority. The trial court found that the doctrine of equitable subrogation applied and Bank of New York held the first and best lien as to only $115,958.34, the amount paid by Regions Bank to pay off the Society National Bank mortgage. The trial court included the Civ.R. 54(B) language that the April 23, 2010, judgment entry was a final, appealable order and there was no just cause for delay.

{¶13} This Court reversed the summary judgment on October 8, 2010, finding the doctrine of equitable subrogation inapplicable to the instant case, placing Richland Bank in the superior lien position.

{¶14} On October 15, 2010, Richland Bank filed a motion for confirmation of the sheriff's sale, which was held on September 24, 2010. BONY filed a motion to vacate the sale. The trial court confirmed the sale. Appellant assigns three errors on appeal:

{¶15} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION OF APPELLANT THE BANK OF NEW YORK MELLON TRUST COMPANY TO VACATE SHERIFF'S SALE.

{¶16} "II. THE TRIAL COURT ERRED IN GRANTING APPELLEE RICHLAND BANK'S MOTION FOR CONFIRMATION OF SALE.

**{¶17}** "III. THE SALE OF THE PROPERTY WAS VOID BECAUSE APPELLEE HAD NO AUTHORITY OR STANDING TO ORDER THE SALE OR SEEK CONFIRMATION OF THE SALE."

**{¶18}** We first address the issue of whether the judgment appealed from is a final, appealable order.

**{¶19}** When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies the requirements of R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266.

**{¶20}** To constitute a final order, an order must fit into one of the categories in R.C. 2505.02(B), which provides in pertinent part:

**{¶21}** "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶22}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;"

**{¶23}** Civ. R. 54(B) provides for entry of a final order when the claims of all parties have not been adjudicated upon a finding of no just cause for delay:

**{¶24}** "**(B) Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final

judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶25} Appellee argues the order is not final because the court did not include Civ. R. 54(B) language and did not yet rule on their claim for attorney fees:

{¶26} "9) It is further Ordered that the Plaintiff shall pay the following:

{¶27} "e. To the Sheriff of Richland County, the balance of $106,340.54 to be held pending determination by this Court of the following:

{¶28} "(i) Richland Bank's claim for attorney fees:" Judgment Entry, February 4, 2011.

{¶29} The Ohio Supreme Court has held that when attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include a Civ. R. 54(B) determination that there is no just cause for delay is not a final, appealable order. *Internatl. Bd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St. 3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph 2 of the syllabus.

{¶30} Appellant argues that because appellee's request came in their prayer for relief rather than as a separate claim and because appellee did not claim attorney fees pursuant to a specific statute, the court was not required to rule on the claim for attorney fees to render the judgment final and appealable, citing *Ricciardi v. D'Apolito*, Mahoning App. No. 09 MA 60, 2010-Ohio-1016, ¶ 9:

{¶31} "Two courts have limited the application of *Vaughn* by holding that the mere mention of attorney's fees in the answer to the complaint does not rise to the level of a separate claim for relief preventing a judgment from becoming a final appealable order. See *Knight v. Colazzo,* 9th Dist. No. 24110, 2008-Ohio-6613, ¶ 9; *Jones v. McAlarney Pools, Spas & Billiards, Inc.,* 4th Dist. No. 07CA34, 2008-Ohio-1365, ¶ 12. These two courts were concerned that an overly broad application of the *Vaughn* holding would require the dismissal of practically every civil appeal on jurisdictional grounds because most complaints contain a pro forma request for attorney's fees and this request is usually ignored by the trial court when final judgment is rendered. The courts in these cases also acknowledge, however, that the *Vaughn* holding would apply if the request for attorney's fees was made pursuant to an express statute rather than as vague, unspecified or unsubstantiated request for attorney's fees. See *Knight* at ¶ 8-9; *Jones* at ¶ 11. We agree with the holdings and reasoning of the *Knight* and *Jones* cases."

{¶32} However, the instant case is not a case where the trial court impliedly overruled the request for attorney fees by not addressing the issue. Both *Jones* and *Knight*, which the court relied on in *Ricciardi*, recognized that the judgment appealed from would not be a final, appealable order if the trial court raised the attorney fee issue

and deferred its adjudication, or awarded attorney fees and deferred the determination of amount. *Jones*, supra at ¶10; *Knight*, supra at ¶9. In the instant case, the court specifically raised the issue of attorney fees in the judgment entry and deferred the determination of fees. The judgment does not include Civ. R. 54(B) language. We therefore find that based on the reasoning of the Ohio Supreme Court in *Vaughn*, supra, the judgment appealed from is not a final, appealable order.

{¶33} The appeal is dismissed.


By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur


_____


_____


_____

JUDGES


JAE/r0809

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | JUDGMENT ENTRY |
| | : | NUNC PRO TUNC |
| - vs - | : | |
| | : | CASE NO. 11-CA-25 |
| | : | |
| GEORGE W. ZEIGLER, JR., et al., | : | |
| | : | |
| Defendants-Appellees | : | |
| | : | |

An error has been brought to our attention in our opinion in the within case, filed on September 13, 2011. Upon review, we find the cover page and the judgment entry contain a scrivenor's error. The designation of the parties on both the cover page and judgment entry shall read, "The Bank of New York Mellon Trust Company, Plaintiff-Appellant, vs. George W. Zeigler, Jr., et al., Defendants-Appellees." The scrivenor's error does not affect our conclusion.

Accordingly, we hereby correct the opinion and reissue it nunc pro tunc, to be in effect as of September 13, 2011.

IT IS SO ORDERED.

_____

_____

_____
                    JUDGES

JAE/rad/rmn

[Cite as *Bank of New York Mellon Trust Co. v. Zeigler*, 2011-Ohio-4748.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GEORGE W. ZEIGLER, JR., et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11-CA-25 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the  Richland County Court of Common Pleas is dismissed.  Costs assessed to appellant.

_____

_____

_____

JUDGES