[Cite as *McMasters v. Kilbarger Constr., Inc.*, 2012-Ohio-4353.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| SUE MCMASTERS (GUARDIAN) | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-11 |
| KILBARGER CONSTRUCTION, INC., | : |  |
| ET AL | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING: Civil appeal from the Muskingum County
Court of Common Pleas, Case No.
CD2009-0397

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: September 21, 2012

APPEARANCES:

For Sue McMasters

JAMES AYERS
165 N. High Street
Columbus, OH 43215

JOSEPH NAVIN
132 Reserve Drive
Granville, OH 43023

For Bureau of Workers' Compensation
LYDIA M. ARKO
Attorney General's Office
150 East Gay Street, 22nd Floor
Columbus, OH 43215-3130

For Kilbarger Construction, Inc.

SARA ROSE
P.O. Box 188
Pickerington, OH 43147

*Gwin, P.J.*

{¶1} Appellant, Kilbarger Construction, Inc. ["Kilbarger"] appeals from the January 27, 2012 judgment entry of the Muskingum County Court of Common Pleas in an action for dependent benefits under Workers' Compensation for the death of Nathan Hallowell resulting from an automobile accident on November 14, 2007 ("Accident"). Appellees are Sue McMasters, Guardian of Braxton Bailey, infant son of Nathan Hallowell, deceased ["McMasters"] and the Administrator of the Bureau of Workers' Compensation ["Bureau"].

### FACTS PROCEDURAL HISTORY

{¶2} Workers' Compensation claims were filed with the Bureau on behalf of Hallowell by McMasters and by his co-workers, Derek Petry, appellee in Case CT2012-0013, ["Petry"], and Robert Perry, appellee in Case CT2012-0012, ["Perry"], who were all involved in the same automobile accident on November 14, 2007. Kilbarger employed Petry, Hallowell, and Perry as drilling riggers. The Industrial Commission ("IC") allowed all three (3) claims. The IC initially allowed the claim in this case designated as BWC Claim #07-890684.

{¶3} Kilbarger initiated this action by appealing, pursuant to R.C. 4123.512, the order of the IC finding that McMasters was entitled to participate in dependent benefits of the Workers' Compensation Fund for the death of Hallowell resulting from the accident and that the accident occurred while Hallowell was within the course and scope, and arose out of his employment with Kilbarger. McMasters timely filed her complaint.

{¶4} On September 21, 2010, the trial court consolidated the cases for purposes of discovery and to determine all common questions of law. After discovery, Kilbarger filed a motion for summary judgment, and McMasters, as well as the other appellees filed cross-motions for summary judgment.

{¶5} On December 5, 2011, the court issued a Findings and Decision, which stated:

> In order for a Court to grant a motion for summary judgment, it must find that there is not a genuine issue of material fact. After reviewing the motions, the Court determines that there is not a genuine issue of material fact and that the Plaintiffs were within the scope of their employment at the time of the accident. Counsel for Plaintiffs shall prepare entries in conformity with this decision.

{¶6} On December 14, 2011, Kilbarger filed a "Motion for Relief from Judgment or in the Alternative Motion for Findings of Fact and Conclusions of Law."

{¶7} The trial court found there were no material issues of fact, that appellees were within the course of their employment, and that the accident arose out of their employment. The Court rendered separate judgment entries on behalf of each of the appellees. On January 27, 2012, the judgment entry in McMasters' case states, in part:

> The Court finds that in applying the "totality of circumstances" test found in *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, Plaintiff's automobile accident occurred within the course and scope, and arose out of, his employment with the Defendant on November 14, 2007. The Ohio Supreme Court in *Buckman v. Cubby Drilling* (1998), 81 Ohio St.3d 117,

specifically decided that the "special hazard" exception to the "coming and going" rule applies to drilling industry workers.

*** 

It is the Order of the Court that [McMasters'] Motion for Summary Judgment is SUSTAINED; and Defendant [Kilbarger Construction, Inc.'s] Motion for Summary Judgment is OVERRULED.

### ASSIGNMENTS OF ERROR

**{¶8}** Kilbarger raises one assignment of error,

**{¶9}** "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S SUMMARY JUDGMENT MOTION AND IN DENYING KILBARGER'S SUMMARY JUDGMENT MOTION, BECAUSE APPELLEE'S ACCIDENT DID NOT ARISE OUT OF HIS EMPLOYMENT."

### ANALYSIS

**{¶10}** At the outset, this court must determine whether the trial court's decision is a final, appealable order that vests this court with jurisdiction. Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Thus, we shall first consider whether this court has jurisdiction over Kilbarger's appeal.

**{¶11}** To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides the following in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

**{¶12}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties, the order must satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St. 3d 335, 879 N.E. 2d 187, 2007-Ohio- 6439, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 776 N.E.2d 101, 2002–Ohio–5315, ¶ 5–7.

**{¶13}** In the case at bar, the trial court found that the accident occurred within the course and scope, and arose out of Hallowell's employment with Kilbarger. However, after the trial court sustained McMasters' motion for summary judgment and overruled Kilbarger's motion for summary judgment, the court continued,

Attorney fees and litigation expenses are to be awarded to Plaintiff's Attorney of record...pursuant to R.C. 4123.512(F) upon submission of a Motion and Affidavit demonstrating effort expended and costs of litigation.

**{¶14}** The decision to grant or deny fees under R.C. 4123.512(F) lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Azbell v. Newark Group, Inc.,* 5th Dist. No. 07 CA 00001, 2008–Ohio–2639.

**{¶15}** R.C. 4123.512(F) authorizes the trial court to award attorney fees within a statutory limit to the successful claimant. The version of R.C. 4123.512(F) applicable to this matter reads:

> (F) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed forty-two hundred dollars.

**{¶16}** Civ.R. 54(B) requires a court to make an express determination there is no just reason for delay in order to make appealable an order adjudicating fewer than all the claims or the rights of fewer than all the parties. Civ.R. 54(B) must be followed when a case involves multiple claims or multiple parties. *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 56, 671 N.E. 2d 13(1996).

**{¶17}** The Supreme Court of Ohio has held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim *and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay,* is not a final, appealable order." (Emphasis added.)

*Internatl. Bhd. of Electrical Workers, Loc. Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St.3d 335, 879 N.E. 2d 187, 2007-Ohio-6439, paragraph 2 of the syllabus. ["*Vaughn.*"]

{¶18}   In the instant case, the court specifically raised the issue of attorney fees in the judgment entry and deferred the determination of fees. The judgment does not include Civ. R. 54(B) language. We therefore find that based on the reasoning of the Ohio Supreme Court in *Vaughn,* supra, the judgment appealed from is not a final, appealable order. *Accord, Bank of New York Mellon Trust Co. v. Zeigler*, 5th Dist. No. 11-CA-25, 2011-Ohio-4748, ¶32.

### *CONCLUSION*

{¶19} The January 27, 2012 Judgment Entry did not include Civ.R. 54(B) language; therefore, there is no final appealable order as the issue of attorney fees remains unresolved. Accordingly, this Court does not have jurisdiction to entertain Kilbarger's appeal.

**{¶20}** This appeal is dismissed for lack of jurisdiction.


By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS


WSG:clw 0813

[Cite as *McMasters v. Kilbarger Constr., Inc.*, 2012-Ohio-4353.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUE MCMASTERS (GUARDIAN) | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KILBARGER CONSTRUCTION,<br>INC., ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-11 |

For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed for lack of jurisdiction. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS