[Cite as *Huntington Natl. Bank v. Stanley Miller Constr. Co.*, 2013-Ohio-5878.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HUNTINGTON NATIONAL BANK | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00087 |
| | : | |
| STANLEY MILLER CONSTRUCTION | : | |
| CO., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of
                               Common Pleas, Case No.
                               2012CV03296



JUDGMENT:                      DISMISSED



DATE OF JUDGMENT ENTRY:        December 30, 2013



APPEARANCES:

For Plaintiff-Appellee:                For Defendants-Appellants:

JOEL K. DAYTON                         JOHN J. RAMBACHER
ROBERT B. PRESTON, III                 STEPHEN P. GRIFFIN
220 Market Ave., S., Suite 1000        MICHAEL J. KAHLENBERG
Canton, OH 44702                       825 South Main St.
                                       North Canton, OH 44720

*Delaney, J.*

{¶1}   Defendants-Appellants Stanley Miller Construction Co., David S. Miller, and Steven J. Miller appeal the April 26, 2013 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On June 23, 2011, Plaintiff-Appellee Huntington National Bank ("Lender") renewed a commercial line of credit with Defendant-Appellant Stanley Miller Construction Co. ("Borrowers") in the principal amount of $2,000,000.00 evidenced by a Promissory Note.   The Note was secured by the Commercial Guarantees of Defendants-Appellants David S. Miller and Steven J. Miller ("Borrowers").   The Borrowers defaulted under the terms of the loan and Note.

{¶3}   On October 22, 2012, Lender filed a complaint for cognovit judgment action against Borrowers in the Stark County Court of Common Pleas.  Count I, II, and III of the complaint alleged the Note and Commercial Guarantees contained provisions whereby Borrowers were responsible for Lender's attorney fees and legal expenses, whether or not there was a lawsuit, including attorney fees and legal expenses for bankruptcy proceedings, appeals, and post-judgment collection services.   The complaint also alleged that pursuant to R.C. 1319.02, Lender was entitled to recover its reasonable attorney fees in connection with the enforcement and collection on the Note and Guarantees.

{¶4}   Borrowers filed an answer to the complaint, admitting all allegations of the complaint.

{¶5} On October 23, 2012, the trial court issued a judgment entry. It granted judgment in favor of Lender on Counts I, II, and III of the complaint in the amount of $855,076.22. The proposed judgment entry submitted by Lender included an award of attorney fees and expenses in the amount of $4,480.00. The trial court, however, crossed out the statement regarding the award of attorney fees.

{¶6} On December 10, 2012, Lender filed a Motion for Hearing on Attorney Fees. Lender filed with the trial court a "Satisfaction of Judgment (Partial)" on December 12, 2012. The trial court granted the motion for hearing on attorney fees on December 14, 2012.

{¶7} Borrowers responded to the motion for hearing on attorney fees and filed a Motion to Dismiss Proceedings. The trial court denied the motion to dismiss proceedings.

{¶8} Borrowers filed a Motion for Leave to File an Amended Answer. Lender filed a brief regarding its entitlement to attorney fees. Borrowers filed a brief in opposition.

{¶9} On April 26, 2013, the trial court issued its judgment on the pending motions. The trial court denied Borrowers' motion for leave to file an amended answer. It next found Lender had the right, under the Note and Guarantees, to seek recovery for attorney fees. It found the October 23, 2012 judgment entry did not bar Lender's claim for attorney fees. The trial court set a hearing to determine attorney fees on May 17, 2013.

{¶10} Borrowers filed their Notice of Appeal on May 6, 2013. The hearing on attorney fees did not go forward.

**ASSIGNMENTS OF ERROR**

{¶11} Borrowers raise two Assignments of Error:

{¶12} "I. THE TRIAL COURT IS WITHOUT JURISDICTION TO CONDUCT ANY FURTHER PROCEEDINGS FOLLOWING THE FINAL ENTRY.

{¶13} "II. THE TRIAL COURT ERRED IN FINDING APPELLEE IS ENTITLED TO ATTORNEYS' FEES WHERE THE CONTRACT PROVIDING FOR RECOVERY OF ATTORNEY'S FEES DOES NOT COMPLY WITH OHIO REV. CODE §1319.02."

**ANALYSIS**

{¶14} Before we address the merits of Borrowers' appeal, we must first determine whether this Court has jurisdiction to consider the matter. Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.

{¶15} To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides the following in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or

reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect

determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding

or upon a summary application in an action after judgment.

{¶16} Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims

and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties, the order must satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *Intl. Bd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5–7.

{¶17} Civ.R. 54(B) requires a court to make an express determination there is no just reason for delay in order to make appealable an order adjudicating fewer than all the claims or the rights of fewer than all the parties. Civ.R. 54(B) must be followed when a case involves multiple claims or multiple parties. *State ex rel. A & D Ltd. Partnership v. Keefe,* 77 Ohio St.3d 50, 56, 671 N.E.2d 13 (1996).

{¶18} The Supreme Court of Ohio has held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim *and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay,* is not a final, appealable order." (Emphasis added.) *Intl. Bd. of Electrical Workers, Loc. Union No. 8 v. Vaughn Industries, L.L. C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, paragraph 2 of the syllabus.

{¶19} In this case, the April 26, 2013 judgment entry appealed by Borrowers found Lender was entitled to attorney fees. The trial court deferred the determination of the fees until a hearing on May 17, 2013. The judgment entry did not contain Civ.R. 54(B) language. Borrowers filed their Notice of Appeal on May 6, 2013. The hearing on attorney fees did not proceed.

{¶20} The trial court specifically raised the issue of attorney fees in the judgment entry and deferred the determination of fees. We therefore find that based on the reasoning of the Ohio Supreme Court in *Vaughn, supra*, the judgment appealed from is not a final appealable order. *Accord, Bank of New York Mellon Trust Co. v. Zeigler,* 5th Dist. Richland No. 11-CA-25, 2011-Ohio-4748, ¶ 32; *McMasters v. Kilbarger Constr., Inc.*, 5th Dist. Muskingum No. 2012-CA-11, 2012-Ohio-4353.

## CONCLUSION

{¶21} The April 26, 2013 Judgment Entry did not include Civ.R. 54(B) language; therefore, there is no final appealable order as the issue of attorney fees remains unresolved. Accordingly, this Court does not have jurisdiction to entertain the appeal.

{¶22} This appeal is dismissed for lack of jurisdiction.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concurs separately.

*Hoffman, J., concurring*

{¶23} I concur in the majority's determination the order being appealed is not a final appealable order.

{¶24} I write separately only to note, lest my concurrence be misinterpreted, I do not believe the mere incantation of Civ.R. 54(B) language would render the appealed judgment final.[1]

{¶25} I believe the trial court must determine the amount of attorney fees awarded before the issue become a final appealable order.

---

[1] The *Vaughn* case cited by the majority involved the failure to address the issue of attorney fees in a summary judgment order. In the case sub judice the issue of attorney fees was addressed but the amount left undetermined.