[Cite as *Franzmann v. Williamsburg Homeowners Assn., Inc.*, 2026-Ohio-298.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ADAM FRANZMANN | Case No. 2025-CA-00067 |
| Plaintiff – Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2023-CV-02380 |
| WILLIAMSBURG HOMEOWNERS ASSOCIATION, INC., ET AL | Judgment:   Dismissed |
| Defendants – Appellees | Date of Judgment Entry:January 29, 2026 |

**BEFORE:**  ANDREW J. KING, P.J., WILLIAM B. HOFFMAN, J., KEVIN W. POPHAM, J.; Appellate Judges

**APPEARANCES:** BLAKE R. GERNEY, R. SCOTT HEASLEY, & HILARY F. DESAUSSURE for Plaintiff-Appellant; JOHN A. IZZO & CULLEN J. COTTLE for Defendants-Appellees

OPINION

*Popham, J.,*

{¶1}    Appellant Adam Franzmann appeals the judgment entry of the Stark County Court of Common Pleas granting summary judgment to appellees, the Williamsburg Village Homeowners Association, Inc. ("HOA") and the HOA's Board of Trustee members Terrence Ruip, Clarence Wyland, James Tawney, Mark Gaughan, Kenneth Milligan, Rick Dencer, and Jennifer Menegay ("the Board").  For the reasons below, we dismiss this appeal.

*Facts & Procedural History*

{¶2}    In May of 2022, Franzmann purchased the home located at 12931 Williamsburg Avenue in Uniontown, Ohio.  This home is located within the HOA.  The HOA's Declarations of Covenants, Conditions, Restrictions, and Code of Regulations ("Regulations") are appropriately recorded.  There are sections contained within the Regulations that govern the construction and placement of fences.  After moving into the home, Franzmann sought to build a fence on his property.  Some Board members agreed with Franzmann's proposed fence placement, while others did not agree with the placement because it did not conform to the requirements contained in the Regulations.

{¶3}    While discussions about the fence were ongoing, Franzmann installed the fence on September 6, 2022.  The HOA sent several notices to Franzmann, advising him that the fence violated the Regulations and the fence would have to be moved or modified. The notice also informed Franzmann that he would be subject to ongoing fines pursuant to the Regulations.

{¶4}    On December 29, 2023, Franzmann filed a complaint against the HOA and the Board members - asserting claims for breach of contract, promissory estoppel, declaratory judgment, breach of fiduciary duty, and injunctive relief.  The HOA and the Board filed an answer and a counterclaim for injunctive relief (remove or move the fence) and attorneys' fees pursuant to R.C. 5312.11(A)(3).

{¶5}    In November 2024, the parties filed cross motions for summary judgment.

{¶6}    On May 30, 2025, the trial court issued a judgment entry – overruling Franzmann's summary judgment and granting summary judgment in favor of the HOA on its counterclaim.  The trial court stated: "[a]s the attorney fees incurred by Defendants

were for the purpose of enforcing the restrictive covenants of the [HOA], the Court finds Defendants are entitled to recover attorney fees." However, the amount of attorney fees was not determined by the trial court. Moreover, the trial court's judgment entry did not contain Civil Rule 54(B) language ("no just reason for delay").

{¶7} Franzmann appeals the May 30, 2025, judgment entry of the Stark County Court of Common Pleas, and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT AND DENIED PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT."

*Final Appealable Order*

{¶9} Before we address the merits of Franzmann's appeal, we must first determine whether this Court has jurisdiction to consider the matter. This Court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997).

{¶10} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Ohio Const., art. IV, § 3(B)(2). If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and, if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all claims and/or as to all parties, the order must satisfy Civil Rule 54(B) by including express language that "there

is no just reason for delay." *IBEW, Local Union No. 8 v. Vaughn Indus., LLC*, 2007-Ohio-6439 at syllabus.

{¶11} The Supreme Court of Ohio has held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civil Rule 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." *Id*. Likewise, this Court has consistently held that, when a trial court awards attorney fees pursuant to statute but defers the determination of the amount of those fees and does not specifically include the language "there is no just reason for delay" in its judgment entry, the order is not a final appealable order. *Huntington Nat'l Bank v. Stanley Miller Constr. Co.*, 2013-Ohio-5878 (5th Dist.); *Bank of New York Mellon Trust Co. v. Zeigler*, 2011-Ohio-4748, ¶ 32 (5th Dist.); *McMasters v. Kilbarger Constr.*, 2012-Ohio-4353, ¶ 1 (5th Dist.); *Meadows v. Jackson Ridge Rehab. & Care*, 2018-Ohio-2653 (5th Dist.).

{¶12} In this case, the trial court found the HOA is entitled to attorney fees pursuant to statute, R.C. 5312.11(A)(3). However, the trial court deferred to a later date the determination as to the amount of fees. Additionally, the judgment entry did not contain Civil Rule 54(B) language that there was "no just reason for delay." Accordingly, based on well-established Ohio law, including the reasoning of the Supreme Court of Ohio in *Vaughn*, the trial court judgment at issue here is not a final appealable order.

{¶13} The May 30, 2025, judgment entry did not include Civil Rule 54(B) language and the issue of the amount of attorney fees remains unresolved. Accordingly, this Court does not have jurisdiction to entertain this appeal. Franzmann's appeal is dismissed for lack of jurisdiction.

For the reasons stated in our Opinion, this appeal is dismissed for lack of jurisdiction.

Costs to appellant Adam Franzmann.

By: Popham, J.

King, P.J. and

Hoffman, J., concur