[Cite as *Third Wing, Inc. v. Columbia Cas. Co.*, 2011-Ohio-4827.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96450

# THIRD WING, INC.

### PLAINTIFF-APPELLANT/
### CROSS-APPELLEE

vs.

# COLUMBIA CASUALTY COMPANY

### DEFENDANT-APPELLEE/
### CROSS-APPELLANT

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-688223

**BEFORE:** Keough, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   September 22, 2011

**ATTORNEY FOR APPELLANT/CROSS-APPELLEE**

Robert P. Rutter
One Summit Office Park
Suite 650
4700 Rockside Road
Independence, OH 44131


**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

Marianne K. Barsoum Stockett
Martin T. Galvin
Reminger Co., LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Plaintiff-appellant/cross-appellee, Third Wing, Inc. ("Third Wing"), and defendant-appellee/cross-appellant, Columbia Casualty Company ("Columbia Casualty"), both appeal the trial court's decision granting in part and denying in part the parties' respective motions for summary judgment For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

**{¶ 2}** In 2009, Third Wing filed a complaint against its insurance company, Columbia Casualty, seeking damages under its Liquor Liability Policy for defense costs and attorney fees that Third Wing paid to its Franchisor, Buffalo Wild Wings, International, Inc. ("BWWI") as a result of a lawsuit filed against both Third Wing and BWWI for a Dram Shop Act violation that occurred at a Buffalo Wild Wings bar/restaurant.

**{¶ 3}** Both parties filed motions for summary judgment. On February 1, 2011, the trial court granted, in part, Third Wing's motion, finding that Columbia Casualty was obligated to reimburse Third Wing $10,240 for expenses and settlement monies. The trial court granted Columbia Casualty's motion in part, and found that it did not have a duty to reimburse Third Wing for attorney fees paid to BWWI.

**{¶ 4}** After the trial court issued its decision, Third Wing filed a motion for attorney fees on February 16 and a motion for interest, which included a request for prejudgment interest, on February 22. Prior to the trial court ruling on these motions, Third Wing filed its notice of appeal on February 24 and Columbia Casualty cross-appealed.

**{¶ 5}** Third Wing assigns as an error on appeal that because the trial court did not rule on its motion for prejudgment interest and attorney fees, it implicitly denied said motions and, thus, committed error. Without

addressing the merits of any assigned error raised, we find that we do not have jurisdiction to consider this matter for lack of a final, appealable order.

{¶ 6} Final orders include those orders that affect a substantial right and in effect determine an action and prevent a judgment. R.C. 2505.02(B)(1). For an order to determine the action, it must dispose of the merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶6. A judgment that leaves issues unresolved and contemplates further action is not a final, appealable order under R.C. 2505.02(B)(1) unless the remaining issue is mechanical and involved only a ministerial task. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20.

{¶ 7} In *Miller*, the Ohio Supreme Court held that "[a] journalized jury verdict is not a final appealable order when a motion for prejudgment interest has been filed and remains pending." Id. at syllabus.

{¶ 8} In this case, although no jury verdict was rendered, the trial court's journal entry regarding summary judgment was filed on February 1, 2011. Thereafter, Third Wing filed motions for interest, including prejudgment interest, and attorney fees, which remain pending. Accordingly, we dismiss this appeal and cross-appeal for lack of a final, appealable order. *Miller*.

Dismissed.

It is ordered that appellee/cross-appellant recover from appellant/cross-appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR