[Cite as *Morgan Stanley Credit Corp. v. Fillinger*, 2012-Ohio-4295.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98197

# MORGAN STANLEY CREDIT CORP., ETC.

PLAINTIFF-APPELLEE

vs.

# JUDY M. FILLINGER, A.K.A., ETC., ET AL.

DEFENDANTS-APPELLANTS

# JUDGMENT:
# AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-736882

BEFORE:   E. Gallagher, J., Sweeney, P.J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:   September 20, 2012

**ATTORNEY FOR APPELLANTS**

**For Judy M. Fillinger**

John Wood
281 Corning Drive
Bratenahl, Ohio   44108

**ATTORNEYS FOR APPELLEES**

**For Morgan Stanley Credit Corp., Etc.**

Steven L. Sacks
120 East Fourth Street
Suite 800
Cincinnati, Ohio   45202

**For Greenpoint Mortgage, Et Al.**

Monica Levine Lacks
James S. Wertheim
Mcglinchey Stafford, PLLC
25550 Chagrin Blvd.
Suite 406
Cleveland, Ohio   44122

**For Redwood Trust, Inc.**

Redwood Trust, Inc.
One Belvedere Place
Mill Valley, CA   94941

EILEEN A. GALLAGHER, J.:

{¶1} Judy Fillinger appeals from the decision of the trial court granting a judgment and decree of foreclosure in the Cuyahoga County Court of Common Pleas. Fillinger argues the trial court erred in granting the foreclosure, in dismissing her claims of fraud against two third-party defendants, in dismissing the investor on Fillinger's loan from the case and in quashing her notice of deposition. For the following reasons, we affirm the decision of the trial court.

{¶2} On April 14, 2003, Fillinger purchased a house located at 3590 Daleford Road in Shaker Heights, Ohio. Fillinger executed a promissory note to Greenpoint Mortgage Funding Inc. ("Greenpoint") for $87,900. Mortgage Electronic Registration System ("MERS") was listed on the promissory note as Greenpoint's nominee, which meant that MERS held legal title to the property and had the right to exercise any of the lender's rights, including but not limited to assignment, on behalf of the lender.

{¶3} On December 8, 2008, Joseph Loots,[1] an appointed signing officer of MERS, signed an endorsement, assigning the note from Greenpoint to Morgan Stanley Credit Corporation ("Morgan Stanley"). Prior to the transfer of this note, Fillinger defaulted on her loan. Even though the default occurred prior to the assignment to

---

[1] The parties alternatively reference Joseph Loots in this manner as well as Joseph Louts. For purposes of clarity, this court adopts the spelling as Loots.

Morgan Stanley, Morgan Stanley sent Fillinger a notice of acceleration and intent to accelerate the loan. When Fillinger failed to cure the default, Morgan Stanley accelerated the loan, and as of June 1, 2008, Fillinger owed $87,734.91 on the note.

{¶4} On September 16, 2010, Morgan Stanley filed the instant complaint for foreclosure and reformation of the loan. Morgan Stanley sought in rem judgment of the property because Fillinger was immune from personal liability because of a Chapter 7 bankruptcy discharge. Fillinger answered Morgan Stanley's complaint and argued that Morgan Stanley was not the holder of the note, that Morgan Stanley failed to properly serve her with notice of default and that the relevant signatures on the assignment of the note were improper, making Morgan Stanley's complaint in foreclosure invalid. Additionally, Fillinger filed a cross claim against Morgan Stanley and third-party complaints against MERS, Greenpoint, Lender Processing Services, Inc., which she later dismissed, Redwood Trust Incorporated (the investor on Fillinger's loan), Thomas K. Mitchell (former Vice President of Greenpoint), and Joseph Loots alleging fraud and forgery.

{¶5} During the discovery phase of this case, Fillinger noticed the deposition of MERS employee, Joseph Loots. MERS opposed this action and filed a motion to quash the notice of deposition that the trial court granted on August 19, 2011.

{¶6} Morgan Stanley, as well as MERS and Greenpoint, filed motions to dismiss Fillinger's claims of fraud. On February 23, 2011 and January 4, 2012,

respectively, the court granted Greenpoint's motion to dismiss and also dismissed Mitchell from this case finding that:

> Fillinger failed to allege the necessary requirements of fraud against Mitchell [and Greenpoint]. Fillinger only purported that a false statement induced reliance in legal counsel for Morgan Stanley and did not claim any justifiable reliance in Fillinger herself. An absence of any element of fraud is fatal to recovery.

{¶7} The court denied Morgan Stanley's motion to dismiss. However, after further discovery, both Morgan Stanley and MERS filed a motion for summary judgment seeking dismissal of Fillinger's claims of fraud as well as a judgment of foreclosure. Fillinger opposed this joint motion and filed a motion for summary judgment on Morgan Stanley's claim for foreclosure. Fillinger also filed a motion for default judgment against third-party defendant Redwood Trust Incorporated because they had not filed an answer in this case.

{¶8} On January 4, 2012, the trial court ruled on the pending dispositive motions. Specifically, the court denied Fillinger's motion for default judgment against Redwood Trust Incorporated and dismissed Fillinger's third-party complaint against Redwood in its entirety. The court also denied Fillinger's motion for summary judgment and granted Morgan Stanley and MERS' joint motion for summary judgment. The court ordered Morgan Stanley to file and submit to the magistrate "a proposed magistrate's decision granting a decree of foreclosure," which Morgan Stanley did on January 9, 2012. Lastly, the court dismissed Fillinger's third-party complaint against

Joseph Loots for "failure to perfect service for over one year after the claim was filed."

{¶9} On January 10, 2012, the magistrate filed its decision, granting in rem judgment to Morgan Stanley and ordering the decree of foreclosure. The following day, Fillinger filed a request with the trial court for findings of fact and conclusions of law of the magistrate's decision and also filed a notice of appeal with this court. The trial court denied Fillinger's request and this court dismissed Fillinger's appeal, finding:

> The trial court's January 4, 2012 order granting summary judgment in favor of plaintiff Morgan Stanley contemplates future action. "A judgment that leaves issues unresolved and contemplates further action is not a final, appealable order under R.C. 2505.02(B)(1) unless the remaining issue is mechanical and involved only a ministerial task." *Third Wing Inc. v. Columbia Cas. Co.*, 8th Dist. No. 96450, 2011-Ohio-4827. The trial court specifically ordered the plaintiff "to file and submit to the magistrate a proposed magistrate's decision granting a decree of foreclosure." The entry of a decree of foreclosure is not a ministerial task. The trial court did not expressly state that there was no just reason for delay with respect to any of the decisions appellant challenges. Therefore, the order is not a final appealable order.

{¶10} On March 1, 2012, Fillinger filed a second request with the trial court seeking findings of fact and conclusions of law. The trial court denied that request and, on March 12, 2012, adopted the magistrate's decision. On March 21, 2012, Fillinger filed an objection to the magistrate's decision. On April 4, 2012, the court denied Fillinger's motion holding as follows:

> The court will not consider the late objections of the defendant. The objections were file[d] without leave of court and after judgment and a decree of foreclosure were rendered. The objections were filed

seventy-one days after the magistrate's decision was filed.    The civil rules allow fourteen days to file objections.

**{¶11}**    Fillinger filed this appeal from the decision of the trial court to adopt the magistrate's decision.    She raises the six assignments of error contained in the appendix to this opinion.

**{¶12}**    In her first and second assignments of error, Fillinger argues the trial court erred in granting Morgan Stanley and MERS' joint motion for summary judgment and in denying her motion for summary judgment.    In response, Morgan Stanley and MERS argue that Fillinger has waived all but plain error because she failed to timely object to the magistrate's January 10, 2012 decision, which was adopted by the trial court on March 12, 2012.    We agree with Morgan Stanley and MERS.

**{¶13}**    Civil Rule 53(D) provides as follows:

(D)(3)(a)(ii), "[A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law."

(D)(3)(b)(i), "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *.  If a party makes a timely request for findings of fact and conclusions of law,

the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law."

(D)(3)(b)(iv), "Except for plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * *."

**{¶14}** Thus, Fillinger had 14 days within which to object to the magistrate's decision, unless she timely filed a request for findings of fact and conclusions of law. If a request for findings of fact and conclusions of law is filed, Fillinger would then have 14 days to object from the date when the magistrate filed a decision that includes findings of fact and conclusions of law.

**{¶15}** On January 10, 2012, the magistrate issued its decision, granting Morgan Stanley and MERS' joint motion for summary judgment and dismissing Fillinger's claims against Morgan Stanley and MERS. Fillinger, on January 11, 2012, filed a request for findings of fact and conclusions of law with the trial court that was denied on January 18, 2012 and a renewed motion was filed on March 1, 2012, which was denied on March 12, 2012.

**{¶16}** A review of the magistrate's January 10, 2012 decision reveals that the magistrate thoroughly examined and reviewed each element of the complaint, cross

complaint and third-party complaint filed in this case. Specifically, the magistrate reviewed Morgan Stanley and MERS' motion for summary judgment on Fillinger's claims of fraud and their claim for bankruptcy as well as Fillinger's cross motion for summary judgment. The magistrate determined that no genuine issue as to any material fact existed and that reasonable minds could come to but one conclusion and that conclusion was adverse to Fillinger. The magistrate then noted that the trial court granted Morgan Stanley and MERS' motion for summary judgment on their complaint in foreclosure and on Fillinger's claim of fraud while denying Fillinger's motion for summary judgment.

{¶17} Thus, it is this court's conclusion that the magistrate's January 10, 2012 decision contained findings of fact and conclusions of law with regards to all claims raised by Fillinger. It appears from Fillinger's arguments that she disagreed with the conclusions reached by both the magistrate and the trial court. As such, the proper remedy would have been to object to the decision as announced by the magistrate, not request findings of fact and conclusions of law. Because we determine that the magistrate's January 10, 2012 decision contained the requisite findings of fact and conclusions of law, Fillinger had 14 days within which to file her objections to that decision. Fillinger did not comply with this deadline and has thus waived all but plain error. We decline to find plain error in this case.

{¶18} Fillinger's first and second assignments of error are overruled.

**{¶19}** In her third and fourth assignments of error, Fillinger argues the trial court erred when it dismissed her claims of fraud against Greenpoint and Thomas Mitchell. These assignments of error lack merit.

**{¶20}** On January 20, 2011, Greenpoint filed a motion to dismiss for failure to state a claim upon which relief may be granted. Specifically, in accordance with Civ.R. 12(B)(6), Greenpoint claimed that Fillinger had not pled all of the necessary elements to prove a claim of fraud. As such, she failed to state a claim upon which relief may be granted. The trial court agreed with Greenpoint and determined that because Fillinger failed to plead the element of reliance, her claims against Greenpoint and Mitchell were dismissed. We agree with the trial court.

**{¶21}** Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs. Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990); *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869 (8th Dist.). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

**{¶22}** Fillinger's third-party complaints against Greenpoint and Mitchell

alleged causes of action in fraud. Fillinger's claim against Greenpoint alleged that Greenpoint's transfer of her mortgage note to Morgan Stanley was fraudulent and unenforceable, such that she would recover "costs, damages, punitive damages and attorney fees" against Greenpoint. Fillinger's complaint against Mitchell was based on his signature on the endorsement without recourse to Morgan Stanley, contained on the final page of the note.

{¶23} In order to survive a Civ.R. 12(B)(6) motion to dismiss, Fillinger had to allege the following: (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 462 N.E.2d 407 (1984). The absence of any one of these elements of fraud is fatal to recovery. *Westfield Ins. Co., v. HULS Am., Inc.*, 128 Ohio App.3d 270, 714 N.E.2d 934 (10th Dist.1998).

{¶24} In her third-party complaints against Greenpoint and Mitchell, Fillinger alleged that the "allonge" (Fillinger's reference to an endorsement on the note) was a false statement made with the purpose of inducing reliance, that the false statement was relied on by legal counsel to Morgan Stanley and that Fillinger was harmed by this fraud

and attempted fraud by the necessity to protect her property from seizure using the false claim that the "allonge" sought to establish. As noted by the trial court, Fillinger only alleged that a false statement induced reliance by legal counsel for Morgan Stanley; she did not claim any justifiable reliance for herself. Therefore, even taking all of the allegations in Fillinger's third-party complaint as true, she can prove no set of facts in support of her claim that would entitle her to relief.

{¶25} In response, Fillinger claims that her lack of privity with the party actually relying upon the alleged misrepresentation does not bar an action in fraud. Fillinger cites to a series of cases to support this argument. However, a careful review of the law cited by Fillinger reveals that each plaintiff claiming fraud personally and justifiably relied upon the alleged misrepresentation, something Fillinger has not alleged in her complaint. This court has confirmed that a cause of action for fraud will only lie when the complainant actually relied upon the representation, to her detriment, and the claimed injury must flow from the complainant's reliance on the alleged misrepresentation. *See Urbank v. All State Home Mtge. Co.,* 178 Ohio App.3d 493, 2008-Ohio-4871, 898 N.E.2d 1015 (8th Dist.).

{¶26} Accordingly, we conclude that Fillinger's third-party complaint against Greenpoint and Mitchell failed to allege the requisite elements of fraud and as such, the trial court did not err in dismissing her claim of fraud against both third-party defendants. Fillinger's third and fourth assignments of error are overruled.

**{¶27}** In her fifth assignment of error, Fillinger argues the trial court erred when it dismissed Redwood Trust, the investor on her note, from the case. We disagree.

**{¶28}** In her third-party claim against Redwood, Fillinger "notices Redwood to set up any interests it may have * * * or forever be barred." The trial court noted this language and classified Fillinger's claim as a marshalling of liens claim, which Fillinger did not dispute. In dismissing her claim, the court held that a marshalling of liens claim cannot stand independently from a foreclosure action, and because Fillinger did not file any foreclosure claims, her claim against Redwood must be dismissed. We agree with the trial court's rationale.

**{¶29}** "A marshalling of liens claim is asserted by a lien claimant in a foreclosure case whereby all other lien claimants must assert their interests in the property or be barred from asserting them in the future. The court then has the duty to ascertain the nature and extent of all liens and pay them out of the proceeds of sheriff's sale according to their priority." *Zukerman, Daiker & Lear Co., L.P.A. v. Julie Luft Signer,* 186 Ohio App.3d 686, 2009-Ohio-968, 930 N.E.2d 336 (8th Dist.). In the present case, the trial court is correct in stating that Fillinger did not file any foreclosure claims demanding the parties to set forth an interest in real property or be forever barred. As such, her marshalling of liens claim against Redwood is misplaced. In fact, the only basis for Fillinger's claim against Redwood appears to be an attempt to bolster her argument that Morgan Stanley is not the holder of Fillinger's note. Our analysis of

Fillinger's first and second assignments of error renders moot any further discussion of this argument.

{¶30} Thus, we find the trial court did not err in dismissing Fillinger's third-party complaint against Redwood. Fillinger's fifth assignment of error is overruled.

{¶31} In her sixth and final assignment of error, Fillinger argues the trial court erred when it quashed the notice of deposition of Joseph Loots. This assignment of error lacks merit.

{¶32} During the discovery phase of this case, Fillinger noticed the deposition of Joseph Loots, a non-named party. In response, Morgan Stanley and MERS filed a joint motion to quash the notice of deposition, which the trial court granted. We agree with the trial court's decision.

{¶33} Civ.R. 30(A) provides that the attendance of a witness deponent may be compelled by the use of subpoena as provided by Civ.R. 45, while the attendance of a party deponent may be compelled by the use of notice of examination as provided by division (B). Joseph Loots was never a party to this action and thus, Fillinger was required to obtain his deposition through the use of a subpoena. Fillinger does not argue that she never attempted to subpoena Loots, nor does she argue that she suffered prejudice from the court's quashing her notice of deposition.

{¶34} Fillinger's sixth assignment of error is overruled.

**{¶35}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH
SEPARATE OPINION


SEAN C. GALLAGHER, J., CONCURRING:

**{¶36}** I concur with the judgment and analysis of the majority. While not controlling to the outcome of this case, I write to note my concerns about MERS as an electronic registry entity having standing to bring foreclosure actions. *See Landmark Natl. Bank v. Kesler*, 289 Kan. 528, 216 P.3d 158 (2009); *Mtge. Electronic Registration Sys., Inc. v. Nebraska Dept. of Banking & Fin.*, 270 Neb. 529, 704 N.W.2d 784 (2005).


**Appendix**

**Assignments of Error:**

**"I. It was error to deny Fillinger's motion for summary judgment.**

**II. It was error to grant Morgan Stanley's motion for summary judgment.**

**III. It was error to dismiss the count in fraud against Greenpoint Mortgage.**

**IV. It was error to dismiss the count in fraud against Thomas Mitchell.**

**V. It was error to dismiss the owner of the note, Redwood Trust, from the case.**

**VI. It was error to quash a notice of deposition of Defendant MERS' vice president."**