[Cite as *Shrader v. Henke-Shrader*, 2013-Ohio-5894.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAN SHRADER, | : | APPEAL NO. C-130162 |
| | | TRIAL NO. DR11-01163 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JACQUELINE HENKE-SHRADER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:   Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 24, 2013

*Dwight D. Brannon, Kevin A. Bowman* and *Matthew C. Schultz*, for Plaintiff-Appellant,

*Geoffrey W. Pittman*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This is an appeal from a decision of the domestic relations court enforcing the terms of a divorce decree.  The present dispute involves the proceeds from a post-decree class action settlement with the city of St. Bernard stemming from the contamination of land on which the parties' marital residence was situated.  The former spouses are at odds over whether the decree mandates that the settlement award be divided equally between them or applied to the mortgage on the property.  Because we find that the decree conveys the parties' intent that the settlement proceeds be used to pay the mortgage, we affirm the judgment below.

I.

{¶2}    Jan Shrader and Jacqueline Henke-Shrader were divorced in April 2012. The court entered an agreed decree of divorce, which distributed property according to the agreement of the parties.  A house located at 433 Bank Avenue in the city of St. Bernard was among this property.   Ms. Henke-Shrader has occupied the home exclusively since May 2011.  The decree provided that she would continue to live in the residence and assume the related indebtedness.

{¶3}    Additionally, both parties were members of a class action lawsuit against the city of St. Bernard because the land on which their house had been built was contaminated with toxic substances.   The decree addressed possible outcomes of a settlement with the city.  Specifically, the "property" section on page two of the decree provided that:

Upon settlement of the lawsuit referred to later in this agreement, the

City of St. Bernard shall purchase the real property or pay off the

existing mortgage.  If there is an amount paid above the mortgage,

then Wife shall be given credit for any principle [sic] reduction since May 2011. Then the parties shall divide any proceeds equally.

The "award" section of the agreement states:

Husband and Wife are parties in a case [sic] action lawsuit against the city of St. Bernard regarding the dumping of toxic waste. When the lawsuit against the City of St. Bernard is settled, the proceeds will be used to pay all existing debt. Any money remaining will be divided equally between the parties. (See page 2 for revision.)

Significant portions of these sections were handwritten into the margins and initialed by the parties.

{¶4} Instead of purchasing the home outright, the city issued a cash settlement award in installments totaling approximately $128,000—the difference between the purchase price of the property and its fair market value as a result of the contamination. The settlement was apparently less than the amount of the mortgage debt. Mr. Shrader directed the class action attorney to distribute the settlement proceeds to him and Ms. Henke-Shrader equally, while Ms. Henke-Shrader requested that the total proceeds be paid directly to the mortgage lender.

{¶5} The parties filed counter-motions for contempt, each alleging that the other had violated the terms of the decree by preventing the proper distribution of settlement funds. The magistrate found that both parties had unclean hands due to noncompliance with other obligations under the decree—Mr. Shrader for failing to pay the couple's taxes for 2008, and Ms. Henke-Shrader for failing to make mortgage payments on the Bank Avenue property. The magistrate, therefore, denied both motions for contempt.

{¶6}     The magistrate did, however, make a determination about the proper allocation of the settlement award under the decree.  The magistrate found the parties' intent to be "readily discernible" from the agreement.  The decree provided that Ms. Henke-Shrader would continue to reside in the home after the divorce, unless the city opted to acquire title to the property.  If the city did not purchase the property, the city would instead pay the mortgage and Ms. Henke-Shrader's occupancy would continue, in which case Ms. Henke-Shrader was under no obligation to sell the property or otherwise compensate Mr. Shrader.  The parties, the magistrate concluded, had agreed that the settlement would remain attached to the property and recognized that there might not be any funds above the mortgage to divide.

{¶7}     The magistrate ordered that Ms. Henke-Shrader repay the amount owed on the mortgage as a result of her lapse in payments, and if she was able to bring the mortgage current, the settlement would then be applied to the remainder of the mortgage and any excess would be divided equally between the parties.[1]  Conversely, if Ms. Henke-Shrader failed to bring the mortgage current within a certain time, then the entire settlement would be divided equally between the parties, less the amount that Ms. Henke-Shrader paid the Internal Revenue Service because of Mr. Shrader's failure to pay the couple's 2008 taxes.

{¶8}     Both parties filed objections to the magistrate's decision.  The trial court overruled the objections and adopted the magistrate's findings of fact and conclusions of law.  Mr. Shrader does not challenge the court's decision with regard to the denial of his contempt motion, but instead raises a single assignment of error contending that the trial court should have divided the proceeds equally.  We, therefore, look to the divorce decree to discern whether the trial court erred in its judgment.

---

[1] Ms. Henke-Shrader apparently has brought the mortgage current.

II.

{¶9} "An agreed divorce decree, like a separation agreement, is an agreement of the parties that is made an order of the court. Contract principles apply to the interpretation of such agreements, and the interpretations are reviewed de novo on appeal as questions of law." *Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, ¶22, quoting *Zimmer v. Zimmer*, 10th Dist. Franklin No. 00AP-383, 2001 Ohio App. LEXIS 713 (February 27, 2001). When construing a contract, we presume that the intent of the parties is embodied in the language they chose to employ. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132, 509 N.E.2d 411 (1987). "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed." *Cisco v. Cisco*, 4th Dist. Gallia No. 08CA8, 2009-Ohio-884, ¶ 12.

{¶10} Here, we believe that the divorce decree definitively conveys the parties' intent that the settlement be used to pay off the mortgage on the Bank Avenue property. This is apparent from the language used in the "property" section: "[T]he City of St. Bernard shall purchase the real property *or pay off the existing mortgage. If there is an amount paid above the mortgage*, then Wife shall be given credit for any principle [sic] reduction since May 2011. *Then* the parties shall divide any proceeds equally."

{¶11} This language indicates that paying the mortgage was the parties' first priority, and only after the mortgage was paid and Ms. Henke-Shrader was credited for any principal reduction since May 2011 would the proceeds be divided between them. The use of the word "if" in the above provision further evidences the parties' understanding that there may not be any remaining proceeds to divide after the

5

mortgage has been satisfied. We can discern no fundamental difference between a direct pay-off of the mortgage and a cash award allocated to pay off the mortgage.

{¶12} Mr. Shrader contends that the "property" portion of the agreement was secondary to the "award" section, and that the latter section provided for the contingency that the city might simply issue a cash settlement award, purportedly signifying the parties' overarching intent that the proceeds of such an award be divided equally. This argument is disingenuous at best. The language of the "award" provision states that the settlement funds would be used first to pay existing debt. It then refers the reader back to the "revision" on page two—the "property" section—which specifies the debt to be paid. Again, the use of the language "any money remaining" in the "award" section demonstrates the parties' understanding that the debt may consume the entire settlement amount.

{¶13} Furthermore, even if the city had opted to purchase the property as is also contemplated in the "property" section of the decree, the mortgage would have had to have been paid out of the settlement funds to accomplish the sale. Any reading of the term "proceeds," then, must be limited to funds in excess of the amount required to purchase the property and eliminate the mortgage.

{¶14} "Even though every possible scenario may not be discussed in a given contract, the absence of said statements does not warrant finding the agreement to be ambiguous if the document clearly conveys the parties' intent." *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 90105, 2008-Ohio-3129, ¶ 22. The trial court properly enforced the parties' intent that the mortgage be paid before they receive any proceeds, while exercising its "full equitable powers" to deal with both parties' failure to honor other obligations under the agreement. *See* R.C. 3105.011.

III.

{¶15}   We find that the trial court's judgment appropriately carries out the intent of the parties.  Therefore, we overrule the assignment of error and affirm the judgment below.

Judgment affirmed.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.