[Cite as *Cook & LogoThetis, L.L.C. v. King*, 2014-Ohio-3346.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| COOK & LOGOTHETIS, L.L.C., | : | APPEAL NO. C-130673 |
| Plaintiff-Appellee, | : | TRIAL NO. A-1205935 |
| vs. | : | |
| MICHAEL E. KING, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal:  August 1, 2014

*Cook & Logothetis, L.L.C.,* and *Scott M. Heenan*, for Plaintiff-Appellee,

*Cornetet, Meyer, Rush & Kirzner* and *Daniel A. Perry*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Michael King appeals the judgment of the trial court granting summary judgment to plaintiff-appellee Cook & Logothetis, L.L.C. ("C&L"), on C&L's quantum-meruit claim for unpaid legal services. Because we determine that we lack jurisdiction over King's appeal, we must dismiss it.

{¶2} C&L served as legal counsel to the American Federation of Government Employees Local 2031 ("AFGE"), a labor union, of which King was a member. AFGE contacted C&L to represent King in his appeal before the Merit Systems Protection Board (the "Board") following the termination of King's employment from the United States Department of Veterans Affairs ("Department"). According to C&L, AFGE agreed to pay C&L on an hourly basis for services rendered in King's case, and then C&L would repay AFGE all reasonable attorney fees and expenses recovered from King's judgment or settlement with the Department. C&L represented King in a mediation with the Board, a prehearing conference, and settlement negotiations before seeking to withdraw from its representation of King for ethical reasons. King then proceeded, pro se, and reached a lump-sum settlement with the Department, which included attorney fees and expenses, according to C&L.

{¶3} After King had refused to acknowledge various forms of correspondence from C&L requesting reimbursement of its fees, C&L filed a complaint against King for breach of contract, or, alternatively, quantum meruit. C&L's quantum-meruit claim sought the legal fees incurred in representing King, as well as costs, plus interest. In C&L's prayer for relief, it also sought reasonable attorney fees and costs incurred in bringing the action.

{¶4}   C&L filed a motion for summary judgment on its quantum-meruit claim, and the trial court granted summary judgment in favor of C&L in the amount of $17,770.50.  C&L then filed two motions: (1) a motion for attorney fees, stating that King had withheld the money owed to C&L in bad faith, and (2) a motion for prejudgment and postjudgment interest.  Before the trial court ruled on either of these motions, and before King filed any responsive memoranda, King filed a notice of appeal.

{¶5}   As an initial matter, we must address a jurisdictional issue.  An appellate court lacks jurisdiction over a nonfinal order.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); Article IV, Section 3(B)(2), Ohio Constitution.  To be final, the order appealed from must meet the requirements of R.C. 2505.02, and, if applicable, the order must contain a Civ.R. 54(B) certification that there is "no just reason for delay."  *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

{¶6}   The Ohio Supreme Court held in *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus ("*Vaughn*"), that no final, appealable order exists in the absence of a Civ.R. 54(B) certification where attorney fees are requested in an original pleading, and the order appealed from does not dispose of the attorney-fee request.  In *Vaughn*, the defendant included in its answer to the plaintiff's complaint a prayer for relief, which requested statutory attorney fees and costs, and sanctions under Civ.R. 11 in defending against the action.  The defendant moved for summary judgment on plaintiff's claims without mentioning its earlier request for attorney fees.  The trial court granted summary judgment.  After

the trial court journalized its summary-judgment order, the defendant filed a motion for attorney fees and costs. In reaching its determination that the summary-judgment decision was not a final, appealable order, the Supreme Court rejected plaintiff's argument in support of finality that the trial court had implicitly denied defendant's request for fees when it entered its summary-judgment order. *Id.* at ¶ 12-13. Moreover, the Supreme Court held that a party could properly file a motion for attorney fees after an entry of a judgment on the other claims if that party had requested fees in an original pleading. *Id.* at paragraph one of the syllabus.

{¶7} In this case, C&L's complaint requested attorney fees incurred in bringing the action against King, and specifically alleged that King had refused to respond to its repeated requests seeking payment prior to bringing the action. After the trial court's summary-judgment decision, C&L filed a motion for attorney fees and expenses as the prevailing party, because of King's bad faith. *See Sorin v. Bd. of Edn.*, 46 Ohio St.2d 177, 181, 347 N.E.2d 527 (1976); *SST Bearing Corp. v. Twin City Fan Cos.*, 1st Dist. Hamilton No. C-110611, 2012-Ohio-2490, ¶ 28 (permitting an award of attorney fees upon a finding of bad faith).

{¶8} After C&L filed its postjudgment motion requesting attorney fees, but before the trial court ruled on the motion, King filed his notice of appeal. Applying the holding in *Vaughn*, we determine that the trial court's order granting summary judgment to C&L on its quantum-meruit claim was not a final, appealable order because it failed to dispose of C&L's request for attorney fees incurred in bringing the action, and C&L filed a postjudgment motion for fees prior to the filing of the notice of appeal. *See Vaughn* at ¶ 17.

4

{¶9} We recognize that several appellate districts have limited the Supreme Court's decision in *Vaughn*, reasoning that where a party sets forth a general request for attorney fees in its prayer for relief, unsupported by a specific statute or rule, and a trial court's order does not raise the attorney-fee issue by deferring either its adjudication or the determination of an amount, appellate courts should treat the fee request as having been implicitly overruled by the trial court. *See, e.g., Jones v. McAlarney Pools, Spas & Billiards, Inc.*, 4th Dist. Washington No. 07CA34, 2008-Ohio-1365, ¶ 10-11; *Knight v. Colazzo*, 9th Dist. Summit No. 24110, 2008-Ohio-6613, ¶ 9; *Ricciardi v. D'Apolito*, 7th Dist. Mahoning No. 09 MA 60, 2010-Ohio-1016. Those cases are distinguishable because they do not involve postjudgment motions for attorney fees. *See McAlarney* at ¶ 12, fn. 5; *Knight* at ¶ 6-9; *Ricciardi* at ¶ 10-13. Here, C&L requested attorney fees in an original pleading and in a postjudgment motion; therefore, we cannot treat C&L's request for attorney fees as having been implicitly overruled.

{¶10} In addition to a motion for attorney fees, C&L also filed a motion for prejudgment interest after the trial court's summary-judgment decision. The Ohio Supreme Court held that a journalized jury verdict does not constitute a final, appealable order where a motion for prejudgment interest has been filed after the judgment and remains pending. *See Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶ 8. In reaching its decision, the Supreme Court determined that prejudgment interest was more in the nature of damages and that "judicial economy would be better served by allowing the trial court to determine whether prejudgment interest should be awarded before an appeal can be filed." *Id.* At least one court has applied the Supreme Court's decision

5

to determine that a trial court's summary-judgment decision was not a final, appealable order where a party filed a motion for prejudgment interest after the summary-judgment entry, but before the notice of appeal, and the motion had not been ruled upon by the trial court. *See Third Wing, Inc. v. Columbia Cas. Co.*, 8th Dist. Cuyahoga No. 96450, 2011-Ohio-4827, ¶ 8.

{¶11} In this case, the record shows that C&L's motion for prejudgment interest was pending when King appealed the entry granting summary judgment. Thus, the order from which King appeals is not a final, appealable order. *See Miller* at syllabus.

{¶12} In conclusion, because the order from which King appeals is not a final, appealable order, we lack jurisdiction over King's appeal, and therefore we dismiss it.

Appeal dismissed.

HILDEBRANDT, P.J., and HENDON, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

6