[Cite as *Strohm v. Strohm*, 2014-Ohio-3405.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DAVID STROHM, | : | APPEAL NOS. C-130691 |
| | | C-130698 |
| Plaintiff-Appellant/Cross-Appellee, | : | TRIAL NO. DR-0602238 |
| vs. | : | |
| GINA STROHM, | : | *O P I N I O N.* |
| Defendant-Appellee/Cross-Appellant. | : | |

Appeals From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded; Appeal Dismissed in Part in C-130698

Date of Judgment Entry on Appeal: August 6, 2014

*John D. McClure*, for Plaintiff-Appellant/Cross-Appellee,

*Robert W. Carran*, for Defendant-Appellee/Cross-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    In this divorce action, plaintiff-appellant/cross-appellee David Strohm ("Husband") and his former wife, defendant-appellee/cross-appellant Gina Strohm ("Wife") appeal a post-decree decision of the trial court regarding a lump-sum award to Wife, the denial of Wife's motion to modify spousal support, and the denial of Wife's motion for Husband's failure to disclose a marital asset.

{¶2}    The parties divorced in March 2008, and their decree of divorce incorporated a separation agreement.  At the time of the separation agreement, Husband was retired from United Airlines, and was employed as a pilot by Jet Airways India.  Husband earned $11,000 per month after foreign taxes, and he spent $1,000 per month of his net income caring for his mother.  Paragraph 17 of the parties' separation agreement addressed Husband's support obligation, and provided the following:

> The husband agrees that he shall pay to the wife as and for the support
> of their minor child and as for spousal support the total sum of $5,000
> per month for a period of sixty (60) months, with an effective
> commencement date of August 15, 2007 * * *.  [T]he portion of this
> total sum which is designated as spousal support shall be payable for
> 60 months certain.  If husband's mother dies during the sixty (60)
> month period of time, the $5,000 support obligation shall increase by
> $500.00 per month.  [T]he Court shall retain jurisdiction with respect
> to the issue of spousal support for eight (8) years after the entry date of
> a divorce decree.

{¶3} In November 2010, the trial court modified Husband's support obligation, after Husband's employment with Jet Airways had ended in September 2009 and Husband had begun working with United Airlines again at a reduced salary. The trial court imposed a downward modification of Husband's support obligation; instead of paying $5,000 per month as provided in Paragraph 17, the trial court ordered Husband to pay $1,079.14 per month in child support and $1,750 per month in spousal support, retroactive to October 2009.

{¶4} In 2011, Wife filed a motion for contempt and sought to compel Husband to increase his support obligation by $500 per month, arguing that Husband's mother had died in October 2010, but that Husband had not increased his support payment as provided by Paragraph 17 of the separation agreement. In June 2012, the trial court found Husband in contempt for failing to pay the $500 increase; however, the trial court stayed the imposition of a penalty, and allowed Husband to purge the contempt. Husband could purge the contempt by paying a lump-sum amount to Wife by a certain date, and if he did not, Wife could contact the court for imposition of sentence. The trial court stayed its order pending Husband's appeal. A panel of this court determined that the June 2012 entry was not a final, appealable order because the trial court had not yet imposed a penalty or sanction, and dismissed his appeal in the case numbered C-120460.

{¶5} Prior to the trial court's June 2012 decision finding Husband in contempt for failing to increase his support payments upon the death of his mother, Wife filed a motion to modify support in May 2012. Wife sought to extend spousal support beyond the 60-month period, which would end in August 2012, arguing that Husband's employment with United Airlines beyond his 65th birthday was not

3

contemplated at the time of the separation agreement. Wife also argued that Husband's tax records demonstrated that Husband's earnings had increased since the trial court had issued a downward modification of his support. Wife also filed a motion for attorney fees in connection with her May 2012 motion to modify, in which she argued that Husband's pro bono counsel had filed several motions in response to her motion to modify, disadvantaging Wife who had to pay her counsel.

{¶6} In March 2013, Wife filed a motion for Husband's failure to disclose a retirement asset in the amount of $26,563. The evidence presented in relation to Wife's motion showed that United Airlines had entered into a multimillion-dollar settlement with a pilots' union, the Air Line Pilots Association ("ALPA"), after United Airlines had turned over its retirement plan to the Pension Benefit Guaranty Corporation. United Airlines paid ALPA in the form of a convertible note (the "ALPA note"), and Husband received $140,000. One of ALPA's members, John Mansfield, sued ALPA in 2006, alleging that ALPA had violated its duty of fair representation in distributing the ALPA note proceeds by favoring junior pilots. The Mansfield suit became a class action, and in 2009, Husband received notification that he was a class member. ALPA settled the Mansfield class action, and Husband received $26,563 as his portion of the settlement in February 2010 (the "Mansfield settlement").

{¶7} In Paragraph 7 of the parties' separation agreement, the parties acknowledged receipt of the $140,000 payment from the ALPA note, and also acknowledged that the payment had been spent. Paragraph 7 also stated that "[w]ith respect to the * * * assets identified in this paragraph, there shall be no liability from one party to the other." Paragraph 13 of the parties' agreement governing disclosure of assets provided in pertinent part that, "[i]f the wife discovers any marital asset

4

which was in existence prior to August 9, 2007, and which was not disclosed, the husband agrees to transfer all of such asset to the wife."

### The Trial Court's Hearing on the Pending Motions

{¶8}   The trial court held a hearing on Wife's March 2013 motion regarding the Mansfield settlement and Wife's May 2012 motion to modify support, as well as other pending motions, including Husband's motion for contempt against Wife for her failure to make $93,270 in mortgage payments to him as provided by their separation agreement.   The trial court entered its written decision on the pending motions in September 2013.   As to the Mansfield settlement, the trial court determined that it could not be severed from the ALPA note payment of $140,000 identified in Paragraph 7, and thus Paragraph 7 foreclosed Wife from asserting any claim to the Mansfield settlement.   The trial court also determined that Paragraph 13 of the agreement did not apply because Husband had not been identified as a class member until 2009, and he had not received his portion of the Mansfield settlement until 2010.

{¶9}   With regard to Wife's motion to modify, the trial court determined that Husband's income was not substantially different from his income at the time of the 2010 support modification, and that Wife's motion was essentially an attempt to relitigate the 2010 modification.   The trial court continued for discovery Wife's motion for attorney fees related to her modification motion.

{¶10}  The trial court also noted that the parties stipulated that Husband never purged the June 2012 contempt by paying the lump-sum amount owed to Wife after his mother's death.   The trial court vacated its finding of contempt against Husband and awarded Wife $11,000 as a lump-sum judgment.   The trial court found

Wife in contempt for failing to pay $93,270 in mortgage payments to Husband; however, the trial court determined that Wife could apply $11,000 as an offset to the $93,270 owed to Husband.

{¶11}   Husband and Wife both appeal the trial court's order.

## Lump-Sum Judgment

{¶12}   In two assignments of error, Husband appeals the trial court's decision awarding Wife a lump-sum judgment of $11,000, representing spousal support owed to Wife under Paragraph 17 of the separation agreement.  As a general matter, an appellate court reviews a trial court's decision regarding support matters for an abuse of discretion.  *See Hall v. Kuwatch*, 1st Dist. Hamilton No. C-100480, 2011-Ohio-3050, ¶ 8; *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, 945 N.E.2d 557, ¶ 15 (10th Dist.).  However, we review de novo the interpretation of a separation agreement incorporated in a divorce decree.  *Shrader v. Henke-Shrader*, 1st Dist. Hamilton No. C-130162, 2013-Ohio-5894, ¶ 9.  We presume that the language of a separation agreement encompasses the parties' intent, and we will not resort to rules of contract construction absent an ambiguity in the contract.  *Id.*

{¶13} Husband argues that the $500-per-month increase in his support obligation upon the death of his mother was based upon his $5,000-per-month support obligation.  According to Husband, when the trial court decreased his support obligation in November 2010, so that he no longer paid $5,000 per month, the $500-per-month increase became unenforceable.  Wife argues that the $500 conditional increase operates independent of the $5,000 support payment; thus, Wife defends the $11,000 award.

6

{¶14} We agree with Husband that the trial court's lump-sum judgment of $11,000 to Wife does not take into account that the trial court had previously found a change in Husband's circumstances effective October 2009, which then had led the trial court to decrease Husband's $5,000-per-month support obligation. Instead, the trial court's lump-sum award assumes that Husband automatically owed the full $500-per-month increase beginning in November 2010, after the death of his mother, until August 2012, when the 60-month period ended. We do not agree with Husband's argument, however, that the $500 increase in support became unenforceable once the trial court had decreased his $5,000 support obligation. Taken to its logical conclusion, Husband's argument would mean that, even if his $5,000 support obligation had increased, he would not owe $500 more per month upon the death of his mother. This defies the plain language of the agreement.

{¶15} Although the trial court characterized the $500-per-month increase as solely spousal support, Paragraph 17 of the parties' separation agreement provides that "the $5,000 support obligation" increases by $500 upon the death of Husband's mother. Paragraph 17 also provides that the $5,000 support obligation includes both child and spousal support. Thus, we determine that the $500 conditional increase includes both child and spousal support under the plain language of the separation agreement. Moreover, because the $5,000 support obligation no longer existed at the time of Husband's mother's death based upon Husband's change in circumstances, the trial court should have considered whether the $500-per-month increase in support from November 2010 to August 2012 should have been subject to modification as well. *See* R.C. 3105.18 and 3119.79. Therefore, we sustain Husband's assignments of error to the extent that we determine the trial court erred in awarding

Wife $11,000 as a lump-sum judgment. We reverse that portion of the trial court's decision and remand the matter to the trial court to analyze whether the $500 monthly increase in support effective upon Husband's mother's death, as provided in Paragraph 17 of the parties' separation agreement, should be subject to modification under R.C. 3105.18 and 3119.79.

**Wife's Motion to Modify Support and Motion for Fees**

{¶16} In the first assignment of error of Wife's cross-appeal, Wife appeals the trial court's denial of her May 2012 motion to modify spousal support.

{¶17} Before this court can exercise jurisdiction over an appeal, an order of a lower court must be a final, appealable order and meet the requirements of R.C. 2505.02, and, if applicable, the order must contain a Civ.R. 54(B) certification that there is "no just reason for delay." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 7. In *Vaughn Industries, L.L.C.*, the Ohio Supreme Court determined that no final, appealable order exists in the absence of Civ.R. 54(B) certification where attorney fees are requested in an original pleading, and the order appealed from does not dispose of the request for attorney fees. *Vaughn Industries, L.L.C.* at paragraph two of the syllabus; *see Cook & Logothetis, L.L.C. v. King*, 1st Dist. Hamilton No. C-130673, 2014-Ohio-3346, ¶ 8. Moreover, where a trial court's order raises the issue of attorney fees and defers its adjudication, that order is not final and appealable. *In re Removal of Sites*, 4th Dist. Lawrence No. 05CA39, 2006-Ohio-3787, ¶ 16.

{¶18} Wife also filed a motion for attorney fees in conjunction with her May 2012 modification motion, arguing that Husband had used his counsel's pro bono

legal services as an opportunity to file several motions in response to her motion to modify. R.C. 3105.73(B) permits a trial court to award attorney fees and litigation expenses to either party in a post-decree motion or proceeding where the court finds that an award would be equitable. In this case, although the trial court denied Wife's motion to modify, it did not decide Wife's request for attorney fees related to her motion. Instead, the trial court's entry continued the fee matter for discovery, and the trial court did not include a Civ.R. 54(B) certification in its entry. Therefore, that portion of the trial court's decision regarding Wife's motion to modify is not a final, appealable order. *See Cook & Logothetis, L.L.C.* at ¶ 8; *In re Removal of Sites* at ¶ 16; *compare Pursel v. Pursel*, 8th Dist. Cuyahoga No. 91837, 2009-Ohio-4708, ¶ 1, fn. 1 (determining that a final, appealable order existed where the record contained no indication that the trial court intended to award attorney fees as part of marital-property division, thus the fee matter was ancillary to the finality of the divorce decree).

{¶19} Because we lack jurisdiction over Wife's motion to modify support, we dismiss that portion of Wife's appeal.

### Wife's Motion For Husband's Failure to Disclose

{¶20} In her second assignment of error, Wife challenges the trial court's decision denying her March 2013 motion brought under Paragraph 13 of the separation agreement in which Wife argues that Husband failed to disclose his receipt of $26,563 in conjunction with the Mansfield settlement, and that she is entitled to an award of $26,563.

{¶21} We agree with the trial court's determination that Wife's March 2013 motion contradicts the plain language of the parties' separation agreement. *See*

9

*Blazic v. Blazic*, 1st Dist. Hamilton Nos. C-040414 and C-040440, 2005-Ohio-4417, ¶ 13. Paragraph 13 does not apply to Husband's $26,563 payment from the Mansfield settlement because the evidence shows that Husband did not receive the payment until February 2010, well after the entry of the decree of divorce. Nor could Husband have known about this payment at the time of the decree, as he was not even notified of his membership in the class action until 2009. Furthermore, Paragraph 7 specifically identified the ALPA note as an asset, and provided that neither party could be liable with respect to such asset. Husband's $26,563 payment from the Mansfield settlement arose from the ALPA note identified in Paragraph 7; therefore, Wife cannot claim that Husband is liable to her for the $26,563 payment.

{¶22} The trial court properly denied Wife's motion for Husband's failure to disclose a marital asset. We overrule Wife's second assignment of error.

## Conclusion

{¶23} In conclusion, we reverse that portion of the trial court's judgment awarding Wife $11,000 as a lump-sum judgment, and we remand the matter to the trial court to analyze whether the $500 monthly increase in Husband's support obligation upon the death of his mother as provided by the parties' separation agreement should be subject to modification under R.C. 3105.18 and 3119.79. Wife's cross-appeal from that portion of the trial court's decision denying her motion to modify is dismissed on jurisdictional grounds. Finally, that portion of the trial court's judgment denying Wife's motion for Husband's failure to disclose the $26,563 payment is affirmed.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.


Please note:

    The court has recorded its own entry on the date of the release of this opinion.