[Cite as *West v. Rhockel Invest. Group, P.L.L.*, 2017-Ohio-8147.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| BRANDY WEST, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-G-0119** |
| - vs - | : | |
| RHOCKEL INVESTMENT GROUP, | : | |
| P.L.L., d.b.a. PINEBROOK TOWER | | |
| APARTMENTS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 15 P 000469.

Judgment: Appeal dismissed.


*Christopher J. Carney* and *Larry S. Klein*, Klein & Carney Co., L.P.A., 55 Public Square, Suite 1200, Cleveland, OH 44113 (For Plaintiff-Appellee).

*John T. Pion*, Pion Nerone Girman Winslow & Smith, PC, 1500 One Gateway Center, 420 Ft. Duquesne Boulevard, Pittsburgh, PA 15222 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} On May 23, 2017, appellant, Rhockel Investment Group, P.L.L., d.b.a. Pinebrook Tower Apartments, filed a notice of appeal from an April 26, 2017 entry of the Geauga County Court of Common Pleas.

{¶2} This appeal stems from a slip and fall negligence action filed by appellee, Brandy West, against appellant in the trial court. A jury returned a verdict in appellee's favor on January 26, 2017, assessing damages in the amount of $250,000. On January

31, 2017, the trial court entered judgment on the verdict in favor of appellee in the sum of $250,000.

{¶3} The record has been filed, the parties have filed their respective briefs, and the record has been transmitted to this court. After a review of the record, it appears this court does not have jurisdiction to hear this appeal due to the premature filing of the notice of appeal by appellant.

{¶4} On February 1, 2017, appellee filed a motion for prejudgment interest, and also a motion to tax certain litigation expenses as costs. Appellant filed a motion for judgment notwithstanding the verdict, a motion for stay of execution, and motion for post-trial relief on February 28, 2017. In an entry dated April 26, 2017, the trial court overruled appellant's Civ.R. 59 and Civ.R. 62(A) post-trial motions. Further, the trial court denied appellant's motion for stay.

{¶5} It appears from a review of the docket that the trial court has not ruled upon appellee's motion for prejudgment interest or the motion to tax certain litigation expenses as costs.

{¶6} Since this court may only entertain appeals from final judgments, we must determine whether a final appealable order exists. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's entry can only be immediately reviewed on appeal if it constitutes a "final order" in the action. *Wells Fargo Bank v. Lawes*, 11th Dist. Geauga No. 2014-G-3244, 2015-Ohio-1211, ¶ 6. If it is not final, then an appellate court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the

requirements of R.C. 2505.02 and, if applicable, the order must contain a Civ.R. 54(B) certification that "there is no just reason for delay." *Lawes*, *supra*, at ¶ 6.

{¶7} Here, the trial court entered its judgment on the verdict on January 31, 2017. The motion for prejudgment interest and the motion to tax costs appear to remain pending in the trial court. Nonetheless, appellant filed the instant appeal.

{¶8} This court would consider a remand to allow the trial court to proceed with disposition of the pending motions; however, it is apparent from a review of appellee's motion for prejudgment interest that resolution of that motion may require additional discovery and an extended period of time.

{¶9} The First District Court of Appeals stated that "a journalized jury verdict does not constitute a final, appealable order where a motion for prejudgment interest has been filed after the judgment and remains pending." *Cook & Logothetis, L.L.C. v. King*, 1st Dist. Hamilton No. C-130673, 2014-Ohio-3346. Furthermore, the Supreme Court of Ohio has explained that "judicial economy would be better served by allowing the trial court to determine whether prejudgment interest should be awarded before an appeal can be filed." See *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, ¶ 8.

{¶10} Where there are multiple claims and/or parties involved, an entry that enters final judgment as to one or more but fewer than all of the claims is not a final order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *John F. Neff Sand & Gravel, Inc. v. Great Lakes Crushing*, 11th Dist. Lake No. 2012-L-085, 2012-Ohio-4894, at ¶ 9. However, even if the trial court included the Civ.R. 54(B) language, it would not result in a final order based on the record before us. *Miller*, *supra*, at ¶ 10. It would also not promote judicial economy to allow this appeal to

3

proceed, and then have to entertain another appeal based on the trial court disposition of the pending motions.

{¶11} Based on the foregoing, the order from which appellant appeals is not a final appealable order. Thus, this appeal is hereby, sua sponte, dismissed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.